UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAY BRODSKY,

                Plaintiff,

     -against-

J.P. MORGAN CHASE & COMPANY,
BROADSPIRE, NATIONAL UNION FIRE
INSURANCE COMPANY OF PITTSBURGH,

                Defendants.
----------------------------------------X

MEMORANDUM & ORDER
17-CV-5529(JS)(AYS)

18-13045 (KM)
18-13585 (KM)
18-13305 (FLW)

APPEARANCES
For Plaintiff:    Jay Brodsky, pro se
                   240 East Shore Road, Apt. 444
                   Great Neck, New York 11023

For Defendants:   Lindsay J. Kalick, Esq.
                   Craig T. Ellman, Esq.
                   Wilson, Elser Moskowitz, Edelman & Dicker LLP
                   1133 Westchester Avenue
                   West Harrison, New York 10604

SEYBERT, District Judge:

        By Order dated January 10, 2019 ("Order"), the Court revoked its grant of in forma pauperis status to pro se plaintiff Jay Brodsky ("Plaintiff") and ordered Plaintiff to, within thirty (30) days from the date of the Order, either: (1) remit the Court's $400.00 filing fee, or (2) complete and file the AO 239 in forma pauperis application form together with a copy of the "official BMW financial services credit application" [Plaintiff's wife, Donna] Martin, provided to BMW as is alleged in the Complaint filed

under Docket No. 18-CV-3304."[1] (See Order D.E. 38; See No. 18-CV-3304 Compl., at ECF pp. 10-11, ¶¶ 12-14.) On February 19, 2019, Plaintiff untimely filed the AO 239 in forma pauperis application form and did not include the BMW financial services application. (IFP Mot., D.E. 40.) For the reasons that follow, given the discrepancies in the information provided to the Court by Plaintiff concerning his finances, the Court, in the sound exercise of its discretion, DENIES Plaintiff's in forma pauperis application. Plaintiff shall remit the $400.00 filing fee within thirty (30) days from the date of this Order. If Plaintiff does not remit the filing fee within such time, absent a showing of good cause, the Court shall dismiss the Complaint with prejudice and judgment shall enter.

## DISCUSSION

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v.

---

[1] Plaintiffs alleged that "Martin had been approved for financing in order to purchase a vehicle of her choosing . . ." after submitting an "official BMW Financial Services credit application." (See No. 18-CV-3304 Compl. at ECF p.11, ¶¶ 13-14.)

E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339, 69 S. Ct. 85, 89, 93 L. Ed. 43 (1948) (internal quotation marks omitted). "The ability to proceed [in forma pauperis] is a privilege provided for the benefit of indigent persons." Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (internal quotation marks and citation omitted). The statute discourages abuse of this privilege, and provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the Court determines that--(A) the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A); Vann v. Comm'r of the N.Y. City Dep't of Corr., 496 F. App'x 113 (2d Cir. Sept. 13, 2012) (affirming dismissal of complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) where plaintiff made false statements and had intentionally concealed income on his application to proceed in forma pauperis); see also Mathis v. N.Y. Life Ins. Co., 133 F.3d 546, 547 (7th Cir. 1998) (noting requirement of mandatory dismissal for false allegations of poverty under amended statute).

As a threshold matter, Plaintiff's response to the Order was filed after the expiration of the thirty-day deadline, and Plaintiff offers no explanation--much less good cause--for his late filing. Nor did Plaintiff submit the BMW financial services application that he was ordered to do. Plaintiff claims simply

3

that "there is none" and that "[t]he last credit application that was provided to BMW Financial Services was done in 2011 . . . ." (Memo. of Current Financial Status, D.E. 40-1, ¶ 2.) However, this is in direct contradiction to his allegations in his Complaint filed in No. 18-CV-3304. (See generally No. 18-CV-3304 Compl.) There, Plaintiff alleged:

> 6. That prior to arrival at [BMW of the Mainline] information was promulgated on the **3rd day of May, 2018** to attain information pertaining to the disclosure of the plaintiffs, namely Donna Martin's, credit worthiness in order to determine whether or not she was qualified to secure a loan from a banking institution, namely Capital One Auto Finance.
>
> 13.[2] Upon disseminating such information to BMW of the Mainline, namely Jesse Lurito, who represents the interests of said dealership, that Donna Martin had ben approved for financing in order to purchase a vehicle of her choosing if she so desired.
>
> 14. In order to collect sufficient information to determine accurately whether or not Donna Martin qualified for the aforementioned loan from Capital One, **she inscribed by hand on an official BMW Financial Services credit application pertinent information that was later implemented as the sole informational instrument by BMW of the Mainland to determine whether o[r] not she qualified to attain financing to purchase a vehicle of her own choosing.**

(See No. 18-CV-3304 Compl. at ECF pp. 10-11, ¶¶ 6, 13-14 (emphasis added)).

Thus, even if the Court were to accept Plaintiff's late

---

[2] The Court notes that the numbering of paragraphs in this Complaint jumps from 6 to 13.

4

submission, upon careful review of the February 19, 2019 filing, together with Plaintiff's filings in this and his other cases, the Court still has serious concerns regarding Plaintiff's claimed poverty. To begin with, Plaintiff avers that he and his wife have a total monthly income of $3,206.00 from public assistance and disability payments, and that neither of them are employed. (IFP Mot. ¶¶ 1-2.) Plaintiff further avers that neither earns any income. (IFP Mot. ¶¶ 1-2.) In addition, Plaintiff claims to have only $258.00 in a checking account and that his wife has no money in any banking accounts or with any other financial institutions. (IFP Mot. ¶ 4.) Plaintiff indicates that his only monthly expense is rent in the sum of $2,791.66.³ (IFP Mot. ¶ 8.) The difference between Plaintiff's claimed income and expenses is $414.34.

Interestingly, Plaintiff had filed a Complaint on April 2, 2018 in this Court against Apple, Inc., No. 18-CV-1998, wherein Plaintiff alleged that he and his wife "have owned iPhones continuously since January 2008." (See No. 18-CV-1998, Compl.

---

³ Notably, even though Plaintiff resides at the same Great Neck, New York location, he reported his monthly rent as only $1,500 on August 23, 2018. (See Brodsky v. Dealer Svcs., et al., No. 18-CV-13305 (D. N.J.) IFP Appl., D.E. 1-2, ¶ 6.) Based on his application with that information, Plaintiff was granted in forma pauperis status. Accordingly, the Clerk of the Court is DIRECTED to send a copy of this Order to the Clerk of the Court for the District of New Jersey (Trenton) and to District Judge Freda L. Wolfson, D. N.J.

5

at 13, ¶ 16.)[4] Apart from the cost of each device, there is generally a monthly service fee associated with wireless cellular service. Plaintiff does not allege whether the phone number he has included on his submissions, (973)568-XXXX, is a wireless number. Regardless, there is likely a monthly service fee for that telephone line, and such fee has been omitted from Plaintiff's papers.[5]

---

[4] The Court notes that, on August 13, 2018, Plaintiff filed an action in the Eastern District of New York against Apple, Inc. after his case against Apple, Inc. in this Court was dismissed for failure to file the long form in forma pauperis application or pay the filing fee after his original in forma pauperis application had been denied. (See Brodsky v. Apple, No. 18-CV-1998 (E.D.N.Y.), Order, D.E. 14.) Shortly thereafter, Plaintiff filed an in forma pauperis complaint in the United States District Court for the Northern District of California, and he was granted in forma pauperis status on August 27, 2018. (See Brodsky v. Apple, No. 18-CV-4930 (N.D. Ca.), Order, D.E. 9.) Like his Complaint in this Court, Plaintiff alleges that "he has consistently owned iPhones since January 2008." (See No. 18-CV-4930 (N.D. Ca.), Compl. ¶ 16.) Accordingly, the Clerk of the Court is DIRECTED to send a copy of this Order to the Clerk of the Court for the Northern District of California and to District Judge Edward J. Davila, N.D. Ca.

[5] Plaintiff has also omitted that he paid the $400.00 filing fee when he filed a class action complaint in the United States District Court for the Northern District of California on February 8, 2019--just 11 days **before** he filed his response in this Court wherein he claims to be unable to pay this Court's $400.00 filing fee. Interestingly, the complaint filed in the Northern District of California includes screen shots of Plaintiff's iPhone that reference "Jay's MacBook Air" and what appears to be an Ebay member page reflecting that two items have been sold by Plaintiff. (See Brodsky v. Apple, No. 19-CV-0712 (N.D. Cal.), Compl. at 6.) If Plaintiff is earning money from Ebay sales, such information should have been reported to this

6

Plaintiff had also alleged in his Complaint against Alfa Romeo, et al., that his wife leased a 2018 Alfa Romeo Giulia upon signing a lease issued by Chrysler Auto Finance. (See No. 18-CV-3486 (E.D.N.Y.), Compl. at ECF p. 11, ¶¶ 3-4.) He further alleged that, "on the 19th day of May, 2018, Donna Martin journeyed to Manhattan in the newly leased Alfa Romeo automobile to keep a haircut appointment." (No. 18-CV-3486 (E.D.N.Y.), Compl. at ECF p. 14, ¶ 15.)

In the Court's experience, litigants who seek and are granted in forma pauperis status do not lease luxury vehicles, own iPhones, and reside in housing that costs approximately $3,000 per month. See Adkins, 335 U.S. at 344, 69 S. Ct. at 91 ("The [in forma pauperis] statute was intended for the benefit of those too poor to pay or give security for costs . . . ."). Indeed, Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by "'weed[ing] out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth.'" Attwood v. Singletary, 105 F.3d 610, 613 (11th

---

Court. Plaintiff also paid the $400 filing fee to commence another action on August 30, 2018 in the United States District Court for the Middle District of Florida (Jacksonville). (See Brodsky v. Fortregra Fin. Corp., at al., No. 18-CV-1058 (M.D. Fl.) (voluntarily withdrawn)).

7

Cir. 1997) (per curiam) (quoting Matthews v. Gaither, 902 F.2d 877, 881 (11th Cir. 1990). Additionally, "the court system depends on the honesty and forthrightness of applicants to ensure that the privilege is not abused." Cuoco, 328 F. Supp. 2d at 467 (internal quotation marks and citation omitted).

Plaintiff has not offered any explanation for the discrepancies in the information he provided to the Court in his September 20, 2017 application in this case, which is inconsistent with the May 7, 2018 application filed in No. 18-CV-2788, which is inconsistent with the information contained in the applications he filed with the Court in his cases now consolidated under No. 17-CV-6031. (See No. 17-CV-6031 at Docket Entry 2 as well as the applications to proceed in forma pauperis in each member case.)

Thus, given Plaintiff's failure to credibly explain or correct his declarations having been given an opportunity to do so, the Court, in its discretion, DENIES Plaintiff's application to proceed in forma pauperis. Richards v. Allied Universal Sec., et al., No. 19-CV-2043, 2019 WL 1748599, * 1 (E.D.N.Y. Apr. 18, 2019) ("The question of whether a plaintiff qualifies for in forma pauperis status is within the discretion of the Court."); see also Pinede v. N.Y. City Dep't of Envtl. Prot., No. 12-CV-06344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (same) (collecting cases). If Plaintiff wishes to pursue this case, he SHALL REMIT

8

THE $400.00 FILING FEE WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER. Plaintiff is cautioned that a failure to timely remit the filing fee will lead to the dismissal of the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) and judgment will enter.[6]

Consistent with its obligation under 28 U.S.C. § 1915(e)(2)(A) and Federal Rule of Civil Procedure 11, if Plaintiff pays the filing fee, the Court may hold a hearing to address whether his submissions in this and the other federal district courts around the Country violate Federal Rule of Civil Procedure 11(b). See FED. R. CIV. P. 11(c)(3) ("On its own, the Court may order a . . . party to show cause why conduct specifically described in the order has not violated Rule 11(b)."); Smith v. Educ. People, Inc., 233 F.R.D. 137, 142 (S.D.N.Y. 2005) ("[Plaintiffs'] status as pro se litigants does not insulate them from the imposition of sanctions by this court under Rule 11 of the Federal Rules of Civil Procedure."); see also Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002) (stating

---

[6] On March 15, 2019, Plaintiff filed another in forma pauperis complaint, this time in the United States District Court for the District of Delaware (Brodsky v. J.P. Morgan Chase, Bank, N.A., et al., No. 19-CV-0523, (Del. 2019)) alleging the same facts and claims against largely the same Defendants as the present case. The Clerk of the Court is DIRECTED to mail a copy of this Order the Clerk of the Court of the District of Delaware and to District Judge Maryellen Noreika.

that because "the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); Cuoco, 328 F. Supp. 2d 467-68 (complaint dismissed under § 1915(e)(2)(A) where plaintiff concealed or misrepresented her finances in bad faith to obtain in forma pauperis status); Humbach v. Canon, No. 13-CV-2512, 2019 WL 1369464, *5 (S.D.N.Y. Mar. 25, 2019) (dismissing in forma pauperis complaint with prejudice where plaintiff provided untrue statements on her application in bad faith).

Indeed, the Court is aware that Plaintiff has voluntarily withdrawn in forma pauperis complaints in several other districts around the Country. (See, e.g., Brodsky v. Hilton Worldwide Holdings, et al., No. 18-CV-13045 (D. N.J.) (joint stipulation of discontinuance filed on March 29, 2019); Brodsky v. Nationwide Health Advisors, et al., No. 18-CV-62628 (S.D. Fl.) (Notice of Voluntary Dismissal filed on November 28, 2018); Brodsky v. Fortregra Financial Corp., No. 18-CV-1058 (M.D. Fl.) (Voluntarily Dismissed on November 15, 2018); Brodsky v. Teleperformance USA, et al., No. 19-CV-00127 (D. Utah) (Central) (Notice of Voluntary Dismissal filed on May 1, 2019).) If Plaintiff received any settlement funds in connection with such cases, he was obligated to report that income to this Court, and a failure to do so suggests bad faith for which Rule 11 sanctions would be warranted.

10

CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's application to proceed in forma pauperis. If Plaintiff wishes to pursue this case, he SHALL REMIT THE $400.00 FILING FEE WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER. Plaintiff is cautioned that a failure to timely remit the filing fee will lead to dismissal of the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) and judgment shall enter. Consistent with its obligation under 28 U.S.C. § 1915(e)(2)(A) and Federal Rule of Civil Procedure 11, if Plaintiff pays the filing fee, the Court may hold a hearing to address whether his submissions violate Federal Rule of Civil Procedure 11(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further DIRECTED to mail a copy of this Order to: (1) the pro se Plaintiff; (2) the Clerk of the Court for the Northern District of California, (3) District Judge Edward J. Davila, N.D. Ca.; (4) the Clerk of the Court for the District of Delaware; (5) District Judge Maryellen Noreika, D.

Del.; (6) the Clerk of the Court for the District of New Jersey (Newark); (7) District Judge Kevin McNulty, D. N.J. (Newark), (8) the Clerk of the Court for the District of New Jersey (Trenton); and (9) District Judge Freda L. Wolfson, D. N.J. (Trenton).

SO ORDERED.

/s/ Joanna Seybert

Joanna Seybert, U.S.D.J.

Dated: May 31, 2019
       Central Islip, New York